City of Wyoming, Appellee, *v.* Freeman, Appellant.

[Cite as Wyoming v. Freeman (1975), 44 Ohio App. 2d 43.]

(No. 74297—Decided April 14, 1975.)

*Mr. Arthur C. Church*, prosecutor, for appellee.
*Mr. Graham P. Hunt, Jr.*, for appellant.

Cook, P. J.   This is an appeal from a judgment of the Hamilton County Municipal Court.   Defendant, the appellant, was found guilty of parking her one-half ton truck in the street in front of her house in violation of Ordinance No. 341.16 of the city of Wyoming, which reads:

"The parking of commercial vehicles in public streets in the city for more than two hours during the period from 6:00 P. M.—6:00 A. M. daily is prohibited."

It was stipulated by counsel that defendant's vehicle had not been used for commercial purposes despite the fact it had a license plate of the type issued to commercial vehicles by the state of Ohio.   The trial court held that "a vehicle is determined to be a 'commercial vehicle' or a 'non-commercial vehicle' by the license plates thereon." Accordingly, he found defendant guilty of violating Ordinance No. 341.16.

R. C. 4501.01(G) reads:

" 'Commercial car' means any motor vehicle having motor power designed *and used* for carrying merchandise or freight or used as a commercial tractor." (Emphasis ours.)

A review of the statutes of Ohio relating to the issuing of license plates, indicates that the designation "commercial car" is used in reference to license plates issued for any motor vehicle designed and used for commercial tractor," which type of commercial vehicle is not involved in the instant case.

In the instant case, in the absence of any statutory definition of "commercial vehicle," other than the statutory definition of "commercial car," which also appears in the ordinances of the city of Wyoming, and in view of the stipulation of the parties that defendant's vehicle is not used for commercial purposes, we conclude that defendant's vehicle is not a commercial vehicle within the purview of Ordinance No. 341.16.

Accordingly, we reverse the judgment of the trial court and enter a final judgment for the defendant.

*Judgment reversed.*

McCormac and Buzzard, JJ., concur.

Cook, P. J., of the Eleventh Appellate District, and McCormac, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.

Buzzard, J., of the Court of Common Pleas of Columbiana County, retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting by designation in the First Appellate District.